## SOL GILBERT v. THE STATE.

### No. 5272.   Decided February 12, 1919.

### Rehearing denied March 12, 1919.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence was sufficient to sustain the conviction for that offense, there was no reversible error.

**2.—Same—Bill of Exceptions—Practice on Appeal.**

Where the bill of exceptions is too general in its nature, the same can not be considered on appeal.

**3.—Same—Evidence—Inquest Proceedings.**

Where no statement was made by the county attorney of the contents of the inquest proceeding, which upon objection was not introduced in evidence, there was no error.

**4.—Same—Charge of Court—Limiting Testimony—Suspended Sentence.**

Where the defendant filed a plea for a suspended sentence alleging his good reputation therefor and that he had not ever been convicted of a felony, etc., the court's charge thereon instructing the jury as to whether they should suspend his sentence, but directing them to consider all the facts in evidence, did not limit the testimony introduced with reference to defendant's reputation with reference to suspended sentence.

**5.—Same—Rehearing—Original Opinion.**

Where no additional authorities are presented or reasons given why the court's former opinion, on an objection then raised, was not correct the motion for rehearing is overruled.

Appeal from the District Court of Hill   Tried below before the Hon. Horton B. Porter.

Appeal from a conviction of murder; penalty, thirty years imprisonment in the penitentiary.

The opinion states the case.

*Shurtleff & Cummings,* for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—In this case appellant was convicted in the District Court of Hill County, Texas, of the offense of murder and his punishment fixed at a period of thirty years in the penitentiary.

It appears from the record that the appellant and deceased and some other parties had gone to Fort Worth the night before the killing, and had there imbibed freely of liquor and had brought quite a quantity of it home with them in the car, appellant testifying that he had four quarts of whisky and the deceased two. After reaching home, some time after midnight, they decided to have a game of craps, and appellant and deceased started for the home of a neighbor to procure some dice. While on their way back appellant testified that deceased assaulted him and very severely beat him up so that he was much bruised and bloody. He does not seem to remember much about the difficulty or how he got home or what occurred thereafter, but does state that in the morning when he awoke his hair was full of blood and sand and that he felt very bad. It seems further that there was to be a gathering of men at a chicken fight and that appellant and some others met, but deceased was not present and some members of the party went to deceased's home and he declined to come. Thereupon appellant got on his horse and rode at a rapid gait to the home of deceased. It is in testimony that some of the other members of the party tried to persuade him not to go but he persisted. When he arrived at the home of the deceased, according to his own testimony, he hollered and deceased came out and came toward the fence with his hands in his pockets; that he spoke to deceased and said that he had come to have a talk with him this morning and that thereupon the deceased said, "To hell with you," and loosened his hands in his pockets and quickened his gait, and that as he approached with his hands in his pockets that he, the appellant, pulled out his pistol and fired a number of shots, killing deceased. The pistol was an automatic and seems to have been emptied. The other eyewitnesses to the killing testified that deceased left the house in his shirtsleeves and walked to the fence and shook hands over the wire with appellant, who thereupon stepped back and stopped and jerked out his pistol and fired repeatedly, deceased turning and running to the corner of the house, where he fell. Deceased was shot three times in front and three times in the back.

The appellant asked for a suspended sentence, making the statutory application and setting up that his reputation was good and that he had never been convicted of a felony.

The evidence amply supports the conviction. Appellant placed on the stand a witness named Wall, who testified that he lived in Bosque County, some distance from the appellant; that he knew his general reputation for a quiet, peaceable, inoffensive man and that it was good. On cross-examination he said he had only heard of appellant having one fight. He further said that he knew that appellant was a man who drank and that he had drunk with him at Fort Worth and places like that. The next witness was A. A. Gilbert, who had known the

appellant and was apparently related to him. He was introduced to establish the fact that appellant had never been convicted of a felony, to which fact he testified. On cross-examination he was asked by the State if appellant had not been charged lots of times with fighting, drunkenness, crap shooting and gaming, to which his answer was: "Yes, sir; I suppose he has; I have heard of it; paid a few fines."

This appears to be a substantial statement of the facts.

Appellant's first bill of exceptions complains of a number of things which occurred on the trial as being said by the State's counsel and the court. We are unable to tell from the language of the exceptions what the bill was intended to refer to and in our opinion same is too general to be considered.

The second bill of exceptions complains because the county attorney offered in evidence the inquest proceedings, and appellant was compelled to make an objection in the presence of the jury to such proceeding. As presented, we see no error in this. No statement was made by the county attorney of the contents of said papers or what was testified by anyone at the inquest, and when it was offered the court promptly sustained appellant's objection thereto and told the jury not to consider it.

Appellant further contends that the court erred in paragraph 15b of his charge, the language of his exception being as follows: "The defendant excepts and objects 15b of the court's main charge because the same places an undue limitation upon the testimony introduced with reference to defendant's reputation, because the same limits the jury to the evidence offered on the question of reputation in determining whether or not the sentence should be suspended, when the jury are entitled to consider all the facts and circumstances in the case in passing on this question."

The court's charge in paragraph 15b is as follows: "The defendant having filed herein his sworn statement and plea, alleging his good reputation heretofore and that he has never been convicted of a felony in this or any other State and asking for a suspension of sentence, you are further charged, that the evidence of his good reputation, offered by the defendant, has been admitted for your consideration and in order to enable you to determine, if it does, whether in your discretion you should recommend that his sentence of conviction, if any, be suspended." And the court certifies, in approving bill of exceptions No. 5 that when said charge was presented to the appellant and his exception to it handed to the court that the court then inserted the words, "considering all other facts in evidence." So that the charge as given did not limit the jury to a consideration only of appellant's reputation in arriving at whether they should suspend his sentence or not, but directed them to consider all the facts in the case in determining such matter. As qualified by the court, we do not think the charge open to the objection made by the appellant.

The law of a suspended sentence authorizes the jury to consider in determining that question, whether the accused has borne a good repu-

tation or not.  If the court did not instruct the jury that they might consider such reputation for that purpose, they would not be aware of this phase of the law and it appears to us correct for the court to tell them of this right, in the charge.  We do not think the charge open to any other objection made to it by the appellant.  According to the State's theory the appellant was guilty of a killing for which the jury might have given him a much heavier penalty under the testimony.

We are of opinion that under the record before us the appellant has had a fair trial and the judgment of the lower court is affirmed.

*Affirmed*

ON REHEARING.

March 12, 1919.

LATTIMORE, JUDGE.—In this case appellant has filed a motion for rehearing by copying verbatim one of the grounds of objection which was presented and considered by the court in its original opinion.  No additional authorities are presented or reasons given why the court's former opinion was not correct.

Believing that this matter was fully considered and properly decided on the original presentation the motion for rehearing is overruled.

*Overruled.*